IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XIAOBO HUANG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1122-L |
| | § | |
| ALBERTO R. GONZALES, Attorney General of the United States, ET AL. | § § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendants have filed a motion to dismiss this mandamus and declaratory judgment action seeking an order requiring the government to complete a background check, which is necessary for plaintiff, a citizen of China, to become a lawful permanent resident. As grounds for their motion, defendants state that this case is moot because plaintiff's I-485 application to register as a permanent resident was approved on July 2, 2007. Plaintiff was ordered to file a written response to the motion by September 13, 2007, but failed to do so. The court therefore considers the motion without the benefit of a response.

Federal courts have jurisdiction over actual cases and controversies. U.S. CONST. art. III; *Honig v. Doe*, 484 U.S. 305, 318, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Medical Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). On July 2, 2007, federal immigration officials approved plaintiff's I-485 application to register as a permanent resident--the very relief plaintiff seeks in this lawsuit. As a result of this action, there is no longer a "case or controversy" for the court to adjudicate.

# RECOMMENDATION

Defendants' motion to dismiss [Doc. #9] should be granted. This case should be dismissed as moot.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE